## CLAYPOOL et ux. v. WEST.

No. 12998—Opinion Filed May 19, 1925.

Rehearing Denied July 14, 1925.

**Appeal and Error—Disposition of Cause — Affirmance.**

Under elementary rules, held, defendants failed to sustain their defense of failure of consideration and judgment should be affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No._2.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by Mattie West against Lena Claypool and John M. Claypool. Judgment for plaintiff, and defendants appeal. Affirmed.

C. T. Rice, for plaintiffs in error.

Pryor, Stokes & Carver, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Defendants, wife and husband, by parol agreement exchanged their residence property. in Duncan for a residence and stock of merchandise of plaintiff in Konawa, Okla., difference to Mrs. West of $2,400, being evidenced by two promissory notes, secured by mortgage on the Konawa residence. Possession passed accordingly with the conveyances, and defendants sold and disposed of the stock of merchandise. They paid the first of said two notes and the instant · suit is for the judgment on the $750 note and to foreclose mortgage. Defendants admitted the execution of the note and mortgage and pleaded partial failure of consideration in this, that the title to the Konawa residence was in the husband of plaintiff at the time of his death, which occurred prior to the conveyance of the Konawa property by plaintiff, Mrs. West, to defendants; that said husband left surviving as his sole heirs, the plaintiff and certain. collateral kindred, but no children, and therefore the plaintiff was seized of and conveyed to defendants only a one-half interest in said real estate. The cause was tried to the court without a jury. Plaintiff introduced her note and mortgage and rested. The only witness on behalf of defendants was Mr. Claypool, no documentary evidence being introduced. On conclusion of the testimony, at the instance of plaintiff, the court rendered judgment for plaintiff. Defendants assign here that such judgment was. not supported by competent evidence and was contrary to the law and evidence. Although plaintiff admitted that the estate of her deceased husband had never been administered, there is no evidence that he left any debts for which the property exchanged by Mrs. West would be liable. The record does not show that the deceased husband owned the store. There is no competent evidence that the deceased husband held the legal title to the residence in Konawa, which was deeded by Mrs. West. who was the absolute owner of all the property she conveyed to defendants. Claypool testified that he had learned that the deceased husband had left no children, but had some brothers and sisters and collateral relatives; that Mrs. West had remained in the store during the winter after defendants took possession of it, and paid all debts due; that it was the agreement that Mrs. West should administer her husband's estate, or do whatever else was necessary to give defendants title to the property. Defendants did not by the records or otherwise show that the legal title to the Konawa real estate was in deceased husband. They failed to sustain their allegation of failure of consideration pro tanto.

Under elementary rules, let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1129.